**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 2 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                      **PLAINTIFF**

v.                                    **4:14-CV-00134 BSM**

ONE INTERORD CORPORATION,
MODEL USAS-12, 12 GUAGE SHOTGUN,
SERIAL NUMBER A0002089SA                          **DEFENDANTS IN REM**

TRENT P. PIERCE                                                **CLAIMANT**

### ANSWER OF TRENT P. PIERCE

Comes Claimant Trent P. Pierce by and through his attorney, Robert M. Cearley, Jr.,

and for his answer to the Verified Complaint *In Rem* states:

1.     Pierce admits the allegations of Paragraph 1 of the Complaint.

2.     Pierce admits the allegations of Paragraph 2 of the Complaint.

3.     Pierce admits the allegations of Paragraph 3 of the Complaint.

4.     Pierce admits the allegations of Paragraph 4 of the Complaint.

5.     Pierce admits the allegations of Paragraph 5 of the Complaint only as to venue.

All other allegations are denied.

6.     Pierce denies the allegations of Paragraph 6 of the Complaint.

7.     Pierce admits the allegations of Paragraph 7 of the Complaint.

8.     Pierce admits the allegations of Paragraph 8 of the Complaint.

9.     Pierce lacks sufficient information to admit or deny the allegations of Paragraph

9 of the Complaint and, therefore, denies them.

10.    Pierce lacks sufficient information to admit or deny the allegations of Paragraph

1

10 of the Complaint and, therefore, denies them.

11.    Pierce admits the allegations of Paragraph 11 of the Complaint.

12.    Pierce denies the allegations of Paragraph 12 of the Complaint.

13.    Pierce lacks sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint and, therefore, denies them.

14.    Pierce denies the allegations of Paragraph 14 of the Complaint

15.    Pierce lacks sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and, therefore, denies them.

16.    Pleading affirmatively, Pierce asserts that he timely filed in this court on September 12, 2014 a Verified Claim to the Defendant NFA Weapon and that he has legal and equitable claims against the Defendant NFA Weapon that are deserving of protection as set out below:

a.    Pierce states he is the victim of crimes of which Randeep Mann was convicted and for which Mann is serving a life-term in federal prison. The property at issue is a valuable asset owned by Randeep Mann and is subject to the lien asserted by the government for Pierce's benefit pursuant to Restitution Orders entered by this Court in *United States of America v. Randeep Mann and Sangeeta Mann*, United States District Court, Eastern District of Arkansas, NO. 4:09CR00099 BSM, which the United States Attorney is charged with enforcing.  The Restitution Orders remain unsatisfied.

b.    The NFA Weapon may be legally possessed and sold by anyone who is properly licensed and may be legally purchased and owned by anyone who is similarly licensed.  Such sale and transfer would yield sums of money that could be applied to discharge Randeep Mann's restitution obligation to Pierce which may never be paid if the

2

government destroys Mann's most valuable asset.

c.    Pierce suffered serious, painful, and permanent injuries at the hands of Randeep Mann and commenced a civil action for damages against him on January 27, 2010 in the Circuit Court of Crittenden County, Arkansas, in a case styled, *Trent P. Pierce and Melissa Pierce v. Randeep Mann, et al,* Case No. CV-2010-61.  On December 19, 2013 Pierce obtained a judgment of liability for compensatory and punitive damages against Mann. A jury trial to determine damages is scheduled to begin March 16, 2015 at which Pierce expects to receive a substantial judgement that can only be satisfied from Mann's limited assets.

d.    Destruction of the NFA Weapon which has monetary value and can be legally possessed, held, sold, and owned by properly licensed persons would be a senseless economic waste.  Destruction of the NFA Weapon would also jeopardize Pierce's chances of receiving full restitution as ordered by this court and deprive him of an opportunity to receive payment of the judgment for compensatory and punitive damages which he will surely receive at the trial of his civil and for which no restitution was ordered.

e.    Destruction of Randeep Mann's limited assets under these circumstances is prohibited under Arkansas law as a fraudulent transfer (Ark. Code Ann. § 4-590-201 et seq.) and under federal law as a fraudulent transfer (11 U.S.C. § 548).

16.    Pierce is prepared to nominate John Norrell, a qualified, experienced, and properly licensed person, known to the parties and to this court, who will accept possession of the NFA Weapon as Trustee, not for the use and benefit of Randeep Mann, but for the use and benefit of the victim of his crimes, and to offer them for sale to properly licensed buyers, and to conduct the sale at an agreed upon commission to be approved by this court, and to

3

pay the proceeds directly to Pierce in satisfaction of Mann's restitution obligation, and/or to deposit the proceeds in the registry of the court pending further orders of the court for Pierce's use and benefit.

Wherefore, Pierce prays that the United States be denied the relief requested in the Complaint; that Pierce be afforded the relief requested herein, and all other just, proper, legal, and equitable relief to which he may be entitled.

Trent Pierce, Claimant

/s/     Robert M. Cearley, Jr.
         Robert M. Cearley, Jr.
         Ark. Bar # 69-008
         CEARLEY LAW FIRM, P.A.
         212 Center Street, Suite 200
         Little Rock, AR 72201
         501.372.5600 (p)
         501.374.3463 (f)
         bob@cearleylawfirm.com

## CERTIFICATE OF SERVICE

I, Robert M. Cearley, Jr., hereby certify that I have served a copy of the foregoing on all parties this 2nd day of October, 2014 by CM-ECF.

/s/ Robert M. Cearley, Jr.

4